**FARAH LAW, P.C.**
Neda Farah (State Bar No. 269819)
8383 Wilshire Boulevard
Suite 510
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com
*Attorney for the Plaintiff*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA ESQUEDA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FIDELITY CAPITAL HOLDINGS, INC. dba FIDELITY CREDITOR SERVICE,<br><br>　　　　　Defendant. | Case No. 2:21-cv-00657<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW COMES Plaintiff, BRENDA ESQUEDA ("Plaintiff"), by and through her attorneys, complaining as to the conduct of FIDELITY CAPITAL HOLDINGS, INC. dba FIDELITY CREDITOR SERVICE ("Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Rosenthal Fair Debt

Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

4. Plaintiff is a disabled consumer over 18-years-of-age residing in Los Angeles County, California, which is located within the Central District of California.

5. Defendant is a "full service collection agency," specializing "in Healthcare, Financial Institutions, Municipal and Property Management accounts."[1] Defendant is a corporation organized under the laws of the state of California with its principal place of business, and registered agent – Clinton J. Sallee – located at 441 North

---

[1] https://fcscollect.com/

Varney Street, Burbank, California 91502. Defendant regularly collects upon consumers located within the State of California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action stems from Defendant's attempts to collect upon medical payments that Plaintiff purportedly defaulted upon ("subject debt").

8. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

9. On or about November 5, 2020, Defendant sent or caused to be sent to Plaintiff a collection letter (the "collection letter") seeking collection of the subject debt. *See* attached Exhibit A for a true and correct copy of Defendant's correspondence, dated November 5, 2020.

10. This collection letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

11. The collection letter represents a "Total Due" of $135.32. *Id.*

12. Defendant's collection letter includes a detachable payment coupon, in which Defendant instructs Plaintiff to remit payment using a Visa, MasterCard or American Express credit card. *Id.*

13. Defendant's letter further informs Plaintiff that "[a] $5 convenience fee will apply to all credit card payments." *Id.*

14. Plaintiff was confused by Defendant's addition of the $5.00 convenience fee, as she never agreed to such a fee with Defendant or with the original medical provider.

15. Defendant gave the false impression that it could charge the convenience fee, when in fact, any such fee is impermissible pursuant to any underlying contract between Plaintiff and the original creditor, or as a matter of law.

16. The inclusion of an excessive convenience fee on Defendant's collection letter created a false, deceptive and misleading representation as to the actual amount owed.

17. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

18. Defendant's conduct was misleading to Plaintiff, and is similarly misleading and confusing to the unsophisticated consumer, as it inappropriately asserts that Defendant is entitled to collect the impermissible convenience fee.

19. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debts from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted financial harm.

20. Plaintiff has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct.

4

21. Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

22. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant is engaged in the business of regularly collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2007.[2]

---

[2] https://www.acainternational.org/search#memberdirectory

27. The subject debts are "debt[s]" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of the FDCPA § 1692e

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A);
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendant violated §§ 1692e, e(2)(A), e(10) by deceptively attempting to collect the subject debts through its representation that Plaintiff would be charged a convenience fee. Such a fee is not authorized by any agreement between Plaintiff and the original creditor, nor is it authorized as a matter of law or otherwise. Therefore, Defendant's attempt to collect upon these fees without any further explanation of what that balance or rate represented, was a false and deceptive attempt to collect upon the subject debt.

31. Defendant was not entitled to collect the convenience fee from Plaintiff in connection with the subject debts, ultimately attempting to induce a greater payment from Plaintiff than it is otherwise entitled to collect.

32. Defendant knows that its representations to consumers concerning the fees being collected, and the consumer's rights under the FDCPA, cannot be false, deceptive and/or misleading.

33. Defendant's conduct is in further violation of §1692e, as given its blanket $5.00 convenience fee, as well as the fact that Defendant's correspondence fails to notate that the convenience fee is in connection with some form of a payment processing fee, it is clear that any payment submitted would go directly to Defendant. Thus, the convenience fee was not a pass-through fee, but rather a convenience fee imposed by Defendant in an effort to collect an amount above and beyond what was expressly authorized by the underlying agreement between Plaintiff and the original creditor.

**b.    Violations of the FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Moreover, under §1692f(1), a debt collector is prohibited from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

7

36. Defendant violated §§ 1692f and f(1) when it attempted to collect the convenience fee, despite the fact that said fee was not expressly authorized by the agreement creating the subject debt, nor authorized by law.

37. As set forth herein, Plaintiff has bene harmed and has suffered damage as a result of Defendant's unlawful collection practices.

WHEREFORE, Plaintiff, BRENDA ESQUEDA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

8

40. The subject debts are "debt[s]" and "consumer debt[s]" as defined by Cal. Civ. Code § 1788.2(d) and (f).

41. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.10 -1788.17

42. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

43. As outlined above, through its false, misleading and deceptive attempts to collect upon the subject debts, Defendant violated 1788.17; and §§1692e and f. Defendant was not entitled to collect the convenience fee from Plaintiff in connection with the subject debt, ultimately attempting to induce a greater payment from Plaintiff than it is otherwise entitled to collect.

44. Defendant willfully and knowingly violated the RFDCPA through its deceptive and misleading collection letter. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, BRENDA ESQUEDA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

9

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: January 25, 2021            Respectfully submitted,

By: /s/ Neda Farah
Neda Farah, Esq.
**FARAH LAW, P.C.**
8383 Wilshire Boulevard
Suite 510
Beverly Hills, California 90211
Telephone: 310-666-3786
Facsimile: 775-261-1726
E-Mail: neda@nedafarahlaw.com